DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JMOR PROPERTIES, LLC,**
Petitioner,

v.

**ARTIST ALLEY TOWNHOMES, LLC,**
**SAM KIRZNER,** and **UNB DELRAY PROJECT, LLC,**
Respondents.

No. 4D2026-1787

[August 12, 2026]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Danielle A. Sherriff, Judge; L.T. Case No. 502025CA005178XXXAMB.

Barry M. Leff of the Law Offices of Barry M. Leff, P.A., Fort Lauderdale, for petitioner.

No appearance for respondents.

PER CURIAM.

### *On Order to Show Cause*

Having considered counsel Barry M. Leff's July 10, 2026 response to this Court's order to show cause, the Court imposes the sanction of referring counsel to the Florida Bar. Fla. R. Jud. Admin. 2.515(d)(2); Fla. R. App. P. 9.410(a).

Counsel filed a certiorari petition in this case that is riddled with false citations and arguments, including an unsupported allegation that this Court has "repeatedly entertained, and granted, certiorari review of orders vacating clerk's defaults." The petition cited a non-existent case allegedly from this Court and cited other cases that do not support this proposition. In fact, we lack jurisdiction. *See Leibman v. Sportatorium, Inc.*, 374 So. 2d 1124, 1124 (Fla. 4th DCA 1979) (holding that a clerk's default does not constitute irreparable harm for certiorari purposes). On June 30, 2026, we dismissed the petition and ordered counsel to show cause why he

should not be sanctioned for filing the problematic petition. Our order identified many of the false citations and arguments littered throughout the petition.

Counsel's response acknowledges the false citations identified in our order and identifies additional false citations. Counsel accepts responsibility for his deficient filing but alleges that he did not mean to mislead this Court and merely submitted the wrong draft. Counsel explains that his normal process is to have artificial intelligence ("AI") software research and draft the initial document, and he then verifies every citation and revises the draft. Counsel allegedly did that in this case and removed all the fake and false citations, but while he was making final edits, he inadvertently worked from the wrong version and ended up filing the AI's initial draft with this Court. Counsel's response includes a document that counsel alleges is the revised petition that he intended on filing. Counsel claims he is not trying to deflect responsibility and promises to institute corrective measures, namely he will henceforth confirm that he is submitting the correct draft before filing.

"An attorney is subject to sanctions for filings that contain fictitious authority or 'cite actual cases for inaccurate legal propositions.'" *Eclectic Synergy, LLC v. Seredin*, 51 Fla. L. Weekly D1061 (Fla. 4th DCA May 27, 2026) (quoting *Hessert v. Hessert*, 431 So. 3d 610, 613 (Fla. 6th DCA 2026)). Counsel's explanation that he mistakenly submitted the wrong draft of the petition does not excuse the failure to verify the accuracy of all citations in his filing. Fla. R. Jud. Admin. 2.515(d)(2)(D). "When a lawyer cites imaginary legal authorities to our court as if they were law, we are compelled to refer that lawyer to the Bar because of the professional rules of conduct." *Russell v. Mells*, 426 So. 3d 913, 920 (Fla. 2d DCA 2025).

We note that the revised petition which counsel alleges he intended on filing fails to disclose clearly established law that is contrary to counsel's argument for certiorari jurisdiction. *See* R. Regulating Fla. Bar 4-3.3(a)(3) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."). Any competent research (using AI or otherwise) should have revealed the abundant caselaw directly addressing our lack of jurisdiction, which has been settled since at least 1979. *See Leibman*, 374 So. 2d at 1124. Numerous cases hold that certiorari is not available to review an order vacating a default, where no judgment was entered. *See, e.g., Broward Emp. & Training Admin. v. Cmty. P'ship Program, Inc.*, 422 So. 2d 1101, 1101 (Fla. 4th DCA 1982); *French v. Wellman*, 413 So. 2d 143, 144 (Fla. 5th DCA 1982); *Collins v. Penske Truck Leasing*, 668 So. 2d 343, 344

2

(Fla. 5th DCA 1996); *Kolb v. Fla. Fruit & Vegetable Ass'n, Inc.*, 718 So. 2d 957, 957 (Fla. 5th DCA 1998); *BMW Fin. Sers. NA, LLC v. Alger*, 834 So. 2d 408, 409 (Fla. 5th DCA 2003); *Dawkins, Inc. v. Huff*, 836 So. 2d 1062, 1063-65 (Fla. 5th DCA 2003).

Thus, counsel's petition misrepresented the law and cited non-existent authority for the opposite proposition. Despite counsel's alleged citation checking and revision of the AI's initial draft, none of the controlling law was cited in the alleged revision. Even if counsel is truthful in his assertion that he was not intentionally trying to mislead this Court, the failure to discover the controlling law shows a violation of the duty of competence. R. Regulating Fla. Bar 4-1.1.

Accordingly, we refer this matter to the Florida Bar for consideration of disciplinary proceedings. R. Regulating Fla. Bar 3-7.18(a)(2).

GROSS, CIKLIN, and FORST, JJ., concur.

\*         \*         \*

***Not final until disposition of timely-filed motion for rehearing.***